(Court of Appeal, Parish of Orleans.)

## JAMES A. BRENNAN vs. H. M. ANSLEY, et als.

1. A broker is not entitled to commission when he has not brought the vendor and the purchaser together, or his efforts have not been the procuring cause of the sale.
2. In the absence of an agreement to the contrary, the principal is at liberty to sell the property by his own efforts, notwithstanding the employment of the broker.
3. The issues of fact herein are resolved against the planitiff.

Appeal from Civil District Court, Division "A."

Chas. Louque, for Plaintiff and Appellant.

E. T. Merrick, for Defendant and Appellee.

DUFOUR, J. The plaintiff, an auctioneer and real estate agent of this city, claims of defendant's commissions for the sale of certain property which had been listed with him and he claims was sold by the defendants as the result of his efforts.

He claims that Maas, acting for himself and his associates, owners of the property, placed the property in his hands for sale that he advertised it, that various parties called on him in reference to a possible purchase, and that Rosenberg, who, he believes, represented the purchasing parties, received his information from him. In the light of the evidence viewed in its entirety, it is clear that the plaintiff is in error in his contention.

The owners of the property, Maas, Montgomery, Ansley and Dumas all assert that Maas was without authority to put the property in Brennan's charge, Ansley, the managing owner, so informed Brennan after seeing the newspaper advertisement and then, upon being told by Brennan that he thought he could get a syndicate to buy it, listed the property with him and gave him an option of twenty-four hours for a sale at a minimum price of $95,000.

At Brennan's request, the option was extended to May 3d,

1905 at noon, and, receiving no answer from Brennan, the defendants, immediately upon the expiration of the option extension, sold the property to a company represented by Dreyfus for the sum of $93,000.

The latter denies positively that he ever had anything to do with Brennan and that his dealings were with Montgomery, and antedated the option to Brennan. He adds that Montgomery would not agree to sell until the option had expired. In its essential features, his testimony is corroborated by several witnesses; and there can be no doubt as to the correctness of his statements that he knew the land, suggested to his company to buy it, discussed prices with Montgomery, that Brennan had absolutely nothing to do with it, and that Rosenberg, the purchaser's real estate manager, had received no instructions to take any steps in the matter.

The only applicant for purchase sent by Brennan was Paillet who refused to pay $95,000, and whose offer of $90,000 was declined by defendants.

A broker is not entitled to commissions when he has not brought the parties together or his efforts have not been the procuring cause of the sale, and in the absence of an agreement to the contrary the principal is at liberty to sell the property by his own efforts notwithstanding the employment of the broker.

Gottlieb vs. Walsh, No. 2259 of our docket.

In the instant case, the plaintiff did not bring the purchaser and vendor together, and his right to sell was not exclusive; hence, he cannot recover.

Judgment affirmed.